IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
DISTRICT DIVISION

| | |
|---|---|
| KAREN FORD,<br>      Plaintiff, | §<br>§<br>§ |
| vs. | § §  CIVIL ACTION NO. 4:07-CV-02693<br>§  Jury Demanded |
| LEHMAN BROTHERS, INC, | § §  |
|      Defendant | § § |

### PLAINTIFF, KAREN FORD'S RESPONSE TO MOTION TO COMPEL

Plaintiff Karen Ford and (hereinafter and sometimes referred to as the plaintiff), responds to the defendants Motion to Compel filed by the defendant Lehman Brothers Inc (hereinafter and sometimes referred to as Defendant).

Firstly the Plaintiff denies that she has an agreement with Defendant Lehman Brother's Inc to arbitrate her claims against the defendants. "Courts adjudicating a motion to compel arbitration engage in a two-step process" Hadnot v. Bay, Ltd., 344 F.3d 474, 476 (5th Cir. 2003) "First Courts must determine whether the parties agreed to arbitrate the dispute. Plaintiff does not agree with the defendants assertion that she agreed to submit to arbitration any and all claims that arise as stated in Defendant's exhibit A.

The first step in the consideration of whether in 1) "Whether there is a valid agreement to arbitrate and 2) Whether the dispute in question falls within the scope of that agreement" Heritage Life Insurance Cp. V. Lang, 321 F. 3d. 533, 537 (5th Circ. 2003) Plaintiff denies that the application for employment in Defendant's exhibit A, constitutes an enforceable agreement. The application is not an employment contract.

The language at the bottom of the first page of Defendant's Exhibit A contains a block with the following language

**IF EMPLOYED** BY LEHMAN BROTHERS INC. OR ITS AFFILIATES YOU MAY BE ASKED TO BRING THREE LETTERS OF REFERENCE FROM INDIVIDUALS WHO CAN ACCOUNT FOR PREVIOUS UNEMPLOYMENT AND SELF-EMPLOYMENT AS INDICATED ABOVE.

The above language from the application is evidence that the defendant Lehman Brother's Inc. did not believe that the plaintiff was employed with Lehman Brothers Inc. at the time she allegedly signed the application. At no time later in the process did the defendant Lehman Brother's Inc. make Ms. Ford sign an "employment agreement" or any other papers that contained an "arbitration agreement". Therefore, the issue of whether Plaintiff during her employment with Defendant signed an agreement to arbitrate is a question that Plaintiff avers the defendant has failed to demonstrate to the court.

The courts have held that "the federal policy favoring arbitration does not influence the determination of whether there is a valid agreement to arbitrate between the parties or to who is bound by the arbitration agreement, id at 537-538. To hold that Plaintiff's application of employment is an employment contract is not in accordance with Texas Law where there is not sufficient consideration to support a contract.

Further, Plaintiff Ford had no notice that of the arbitration agreement that would constitute a substantial changes in the terms of her employment contract. The only change Ms. Ford had notice of was that she was become classified as a employee of Defendant Lehman's Brothers Inc. as opposed to an employee of SG Cowen. (See Plaintiff's Exhibit 1) Thus the changes made cannot bind Plaintiff. Ford. In the case of <u>In</u>

Re Haliburton 80 S.W.3d 566, the courts citing in Hathaway v. General Mills, Inc. 711 S.W.2d 227 (Tex. 1986) outlined the manner in which an employer may change the terms of an at-will employment contract, at 566. Two things the court required to be present were 1) notice of the change, and 2) acceptance of the change. id. at 229 . As stated in her affidavit in Plaintiff's exhibit 1. plaintiff was never notified by anyone of the required arbitration policy, she could barely see the writing on the paper, and the application fails to give proper notice of the binding arbitration agreement that she without knowledge of its existence allegedly consented to. Nothing draws any attention to this part of the application. Plaintiff thus did not receive notice of definite changes to her employment.

In addition, the clause contained in the employment contract is unconscionable and unenforceable. There was no heading that cautioned her that the application for employment contained any arbitration provisions that would be binding on her should she be employed with the company. The case at bar is unlike many other cases that examine the enforceability of arbitration agreements where parties have been held to a presumption of knowledge of the contents of a written contract. See Lopez v. H & R Black Financial, Civil Action 3:05-CV-1724 , see also Hadnot, while those cases involved instances where multiple documents have been signed that are used to support a finding of knowledge of the existence of an agreement. In the case ate bar, the unconscionability of having the plaintiff sign a document that does not give them notice, prior to being hired with the company mandates a finding that no agreement to arbitrate exist in this case. The alleged arbitration agreement is procedurally unconscionable and thus the clause should not be enforced by this court. In Prima Paint Corp., the Supreme Court held that under section 4 of the FAA, "if the claim is fraud in the inducement of the

arbitration clause itself.... the federal court may proceed to adjudicate it," Prima Paint Corp. 388 U.S. at 403-04, 87 S.Ct 1801. As the plaintiff sates in her affidavit attached as Plaintiff's' exhibit 1, she was induced and coerced to believe that Defendant's Exhibit A was just a formality for continued employment.

Plaintiff further asserts that the arbitration clause is so unfair to employees because the arbitration imposes an unfair burden on the Plaintiff and is substantially unconscionable. The Defendant Lehman Brother's Inc agreement does not appear to provide for a neutral arbitrator, nor does it require the employee to pay unreasonable costs, arbitrators fees and expenses. Courts have looked to these factors in determining the fairness of clause in question. Beauchamp v. Great West Life Insurance Co., 918 F.Supp. 1091, 1098 . The Federal courts have held that arbitration agreements should not waive the substantive rights and remedies of the statute and the arbitration procedures are fair so that the employee may effectively vindicate his statutory rights" Rembert v. Ryan's Family Steak Houses, Inc. 235 Mich. App. 118 Plaintiff Ford will not be able to exercise her valid statutory claims due to exorbitant fees and her lack of income (SEE Exhibit 1) Thus the Defendant's policy is an unfair impairment of plaintiff's rights.. The arbitration agreement is unenforceable because it will require the party to pay arbitration fee that are so prohibitive, the party effectively will be denied access to the arbitration forum. Green Tree Fin. Corp. v. Randolph 531 U. S. 79, 92. Plaintiff request time for discovery on the fees charged by arbitrators used by defendant in the past as well as the issues of estimated cost of arbitration and plaintiff's ability to pay . However, in accordance with the NASD outline posted on the on the internet plaintiff understand the

fee for filing is aprox. 1600.00 with arbitrators fees of $2500.00 -5000.00 and additional court hearing fees per NASD rules.

Finally, plaintiff pleads that should this Honorable court grants the defendant's Motion to compel arbitration; the court should stay the proceeding and not dismiss plaintiff's case entirely. The FAA also provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration. . <u>Moses H. Cone Memorial Hospital v. Mercury Instruction Cor</u>. 460, U.S. 1, 24, 74 L. Ed. 2d 765, (1983) In accordance with 9 U.S.C. Section 3, the Defendant's request for dismissal should be denied and instead should the court find that a valid arbitration exist the district court should deny the trial of the action should be stayed until after arbitration.

Respectfully submitted,

By: <u>s/ Pamela B. Williams</u>

Pamela B. Williams
Attorney-in-Charge
Texas bar No. 21566360
1001 Texas Ste 250
Houston, TX  77002
Tel. 713 229-0888
Fax. 713 229-0889
Attorney for Plaintiff
Karen Ford

CERTIFICATE OF SERVICE

I hereby certify that on this __25__ day of _____October_____, 2007, a true and correct copy of the above and foregoing Plaintiffs Response to the Motion to Compel Arbitration was mailed and served electronically to the defendants in this cause.

_____/s/_____
Pamela B. Williams

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| KAREN FORD<br>*Plaintiff*<br><br>VS.<br><br>LEHMAN BROTHERS, INC<br>*Defendants* | )<br>)<br>) CIVIL ACTION NO. 4:07-CV-02693<br>) JURY REQUESTED<br>)<br>) |

## ORDER DENYING MOTION TO COMPEL ARBITRATION

Came on to be considered, the Defendant Lehman Brothers Inc's Motion to Compel Arbitration and Dismiss or in the Alternative, Stay Action Pending Such Arbitration. After reading the motion, and hearing the arguments thereon, the court is of the opinion, that the Defendant's Motion should be DENIED . Therefore,

IT IS ORDERED that THE Defendant's Motion is denied.

Date _____, 2007.

_____
JUDGE PRESIDING

PLAINTIFF'S EXHIBIT     1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
DISTRICT DIVISION

| | | |
|---|---|---|
| KAREN FORD,<br>　　　　Plaintiff, | § § § | |
| vs. | § § § | CIVIL ACTION NO. 4:07-CV-02693<br>**Jury Demanded** |
| LEHMAN BROTHERS, INC, | § § § | |
| 　　　　Defendant | § | |

### PLAINTIFF, KAREN FORD'S, AFFIDAVIT IN RESPONSE TO MOTION TO COMPEL

My name is Karen Ford and I am the plaintiff in this lawsuit. I am over the age of 18 and I reside at 12202 Short Ct., Cypress, Tx. 77429 . I am fully competent to give this affidavit. I have personal knowledge of all the facts stated herein, and they are all true and correct.

I was first became employed with Cowen in August of 1983, Cowen later became SG Cowen which was later bought out by the Defendant, Lehman Brothers Inc in 2000. I do not believe that the application should be considered an agreement to arbitrate with the defendant Lehman Brothers Inc. In 2000, I was only told to fill out the application for employment as the company was being changed from SG Cowen to Lehman Brothers Inc. and I was told that the application was a formality and only necessary to continue employment with the company. I was never told that by signing an application I was agreeing to arbitrate.

I was never told that as part of my employment with Lehman Brothers it was the Lehman policy to arbitrate all litigation involving any employee claim. No provisions relating to mandatory arbitration where ever explained to me. The writing on the paper

shown as Defendant's Exhibit A is so small it is difficult to distinguish the tiny paragraph as containing a mandatory agreement of any kind, and I believe this was unfair to me. I also believe this amounts to coercion by Lehman Brother Inc. I was in no way directed to read this paragraph or to consult with anyone regarding the contents. There is nothing that distinguishes this paragraph. I can barely see the writing of the paper due to the small print, I had no idea that this application had any information regarding arbitration.

    I believe I am unfairly prejudiced if I am required to go to arbitration as throughout the EEOC proceedings this issue was never raised to my knowledge and the Defendants did not produce this documentation although other parts of my employment application were produced. I believe that their actions constitute a waiver and severely prejudice my ability to pursue my Statutory claims I am further unable to pay for arbitration fees as I have been unable to find employment in my field. I do not believe I will be given a fair and impartial forum in arbitration with this company.

FURTHER AFFIANT SAYETH NOT

_____

SUBSCRIBED AND SWORN TO BEFORE ME on the 22nd day of October, 2007 to certify which witness my hand and official seal.

Marie M. Elizondo
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

[Notary Seal: MARIE M. ELIZONDO, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES JUNE 16, 2011]